UNITED STATES DISTRICT COURT
MIDDLEDISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ROBERT BURRES, ) | |
| ) | Civil Action Number: 3:13-cv-75 |
| ) | |
| Plaintiff, ) | Jury Trial Demanded |
| v. ) | |
| ) | |
| BIG CITY BREAD CAFE ) | |
| a Georgia Corporation and ) | |
| MATTHEW SCOTT, an individual, ) | |
| ) | |
| Defendants ) | |

# COMPLAINT

COMES NOW Plaintiff Robert Burres (hereinafter "Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendants Big City Bread Café ("Defendant Big City") and Matthew Scott ("Defendant Scott") (collectively "Defendants") on behalf of himself, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically provisions of the FLSA found at § 216(b) to remedy violations of the minimum hourly wage provisions of the FLSA by Defendants which have deprived Plaintiff of his lawful minimum hourly and overtime wages, and under FLSA § 215(a)(3) which prohibits retaliation.

2. Plaintiff was employed by Defendants, working in various capacities and on various shifts at Defendants' restaurant located at 393 North Finley Street, Studio A , Athens, Clarke County, Georgia 30601 (hereinafter "Defendants' Restaurant").

3. Plaintiff was employed by Defendants from on or about October, 2010 through on or about April, 2013 when his employment was unlawfully terminated.

4. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at least minimum wage for all hours worked.

5. Plaintiff seeks unpaid minimum hourly wage compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

6. Plaintiff also seeks reinstatement, compensation for front pay and for the wages lost as a result of retaliatory conduct, an equal amount as liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

8. Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants is subject to personal jurisdiction in this District.

## PARTIES

9. Plaintiff resides in Athens, Clarke Count, Georgia (within this District) and is a citizen of the United States. Plaintiff was employed by Defendants at Defendants' Restaurant from on or about October, 2010 until on or about April, 2013, first as a dishwasher and later as a server and a counter host and most recently as a server when his employment was illegally terminated.

10. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within

3

the territory of the United States. Plaintiff is further covered by §§ 203, 206, and 207 of the FLSA for the period in which he was employed by Defendant.

11. Defendant Big City, upon information and belief, is a corporation formed under the laws of the State of Georgia and owns and operates a restaurant in Athens, Georgia.

12. Defendant Scott is an individual owner of Defendant Big City, is listed on Defendant Big City's website (http://www.bigcitybreadcafe.com/contact.htm) as the "owner/chef" and upon information and belief is a resident of Clarke County, Georgia.

13. Defendants conduct business within this State and District.

14. Defendants maintained either actual or constructive control, oversight and direction of Defendants' Restaurant, including the employment and pay and other practices of that operation.

15. Defendant Big City is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its owner, Defendant Scott, at Defendants' Restaurant..

16. Defendant Scott is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served by delivering a copy of the

summons and of the complaint to Defendant Smith personally at Defendants' Restaurant.

17. At all times material to this action, Defendant Big City was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

18. At all times material to this action, Defendant Big City was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

19. Upon information and belief, at all times material to this action, Defendant Scott was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

20. The tipped employee provisions set forth in § 203 of the FLSA apply to Defendants.

21. The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendants.

22. The prohibited acts provisions set forth in § 215 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

23. Beginning on or about October, 2010, Plaintiff became a dishwasher at Defendants' Restaurant.

24. Beginning on or about June, 2011, and ending on or about Octobert, 2011, Plaintiff was a server at Defendants' Restaurant.

25. Beginning on or about October, 2011, and ending on or about August 2012, Plaintiff was a counter host at Defendants' Restaurant.

26. Beginning on or about August, 2012, and ending when his employment was illegally terminated, Plaintiff was a server at Defendants' Restaurant.

27. At all times relevant to the time periods when Plaintiff was employed by Defendants as a server or a Counter Host, it was the policy and/or practice of Defendants to compensate Plaintiff an hourly wage plus tips or a shift wage plus tips and such hourly wage plus tips and shift wage plus tips was less than the federal minimum hourly wage.

28. At times relevant to when Plaintiff was employed as a server, Defendant's took a tip credit against the wages of Plaintiff.

29. At all times relevant to this action, at Defendants' Restaurant, Defendants had a practice of illegally permitting a manager to receive a portion of

the pooled tips when said manager was not an employee who customarily and regularly received tips as required by the FLSA.

30. Defendant Scott, the owner of Defendants; restaurant, was aware of and required that a portion of Plaintiff's tips be given to said manager when he worked shifts with said manager.

31. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

32. Defendants failed to meet the requirements for paying Plaintiff minimum wage for all hours worked as required under the requirements of the FLSA, 29 U.S.C. §§ 203 and 206.

33. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

34. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

35. On April 4, 2013, Plaintiff complained to Defendant Scott that "Elana" was receiving some of the servers' tips, including those of Plaintiff and she was not supposed to do that.

36. Defendant Scott replied by asking Plaintiff who was he to decide whether Elana gets tips.

37. Defendant Scott further said that it was none of Plaintiff's business.

38. To which Plaintiff told Defendant Scott that it was illegal.

39. To which Defendant Scott replied oh I see where this is going.

40. The next day Defendant Scott terminated Plaintiff's employment with Defendants.

41. Plaintiff's complaining to Defendant Scott on April 4, 2013 regarding a portion of the tips, including his tips, were going to a manager was an exercise of his right to complain as protected by 29 U.S.C. § 215(a)(3).

42. Plaintiff is also entitled to reinstatement, compensation for front pay and for the wages lost as a result of retaliatory conduct, an equal amount as liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

43. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

44. Plaintiff demands a jury trial.

## COUNT I

45. Plaintiff repeats and incorporates by reference paragraphs 1-45 herein.

46. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay minimum wage compensation to Plaintiff in accordance with §§ 203 and 206 of the FLSA.

47. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive minimum wage compensation in accordance with §§ 203 and 206 of the FLSA.

48. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

49. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of minimum wage compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## COUNT II (FLSA RETALIATION)

50. Plaintiff repeats and incorporates by reference paragraphs 1-45 herein.

51. Plaintiff engaged in protected activity when he complained that a manager was illegally participating in the tip pool.

52. Defendants the day following Plaintiff engaged in protected activity.

53. Defendants terminated Plaintiff in retaliation of his complaint that a manager was illegally participating in the tip pool.

54. Defendants terminated Plaintiff in retaliation for his complaint that a manager was illegally participating in the tip pool.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded pre- and post-judgment interest;

C. That Plaintiff be reinstated;

D. That Plaintiff be compensated for front pay;

E. That Plaintiff be compensated for the wages lost as a result of retaliatory conduct, an equal amount as liquidated damages;

F. That Plaintiff be awarded reasonable attorneys' fees;

G. That Plaintiff be awarded the costs and expenses of this action; and

      H.      That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 28th day of June, 2013.

                MARTIN & MARTIN, LLP

                By:/s/ Thomas F. Martin
                Thomas F. Martin
                tfmartin@martinandmartinlaw.com
                Georgia Bar No. 482595
                Kimberly N. Martin
                kmartin@martinandmartinlaw.com
                Georgia Bar No. 473410

                MARTIN & MARTIN, LLP
                Post Office Box 1070
                Tucker, Georgia 30085-1070

                (770) 344-7267 / (770) 837–2678 Fax