# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ROBERT BURRES, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 3:13-CV-75-CDL |
| BIG CITY BREAD CAFE and MATTHEW SCOTT, | |
| Defendants. | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this __30th__ day of __October__, __2013__, by and among Robert Burres ("Plaintiff") and BCB Cafe, LLC and Matthew Scott (collectively "Defendants").

WHEREAS, Plaintiff filed an action against Defendants alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219, ("FLSA") in the United States District Court for the Middle District of Georgia, Athens Division, pending as *Robert Burres v. Big City Bread, a Georgia Corporation, and Matthew Scott, an individual*, 3:13-CV-75-CDL (the "Lawsuit");

1

WHEREAS, Defendants deny and dispute each of Plaintiff's claims, as well as any and all alleged liability or damages to Plaintiff;

WHEREAS, Plaintiff and Defendants, while represented by their respective counsel, have engaged in settlement discussions in order to resolve their disputes by negotiation of a mutually acceptable agreement;

WHEREAS, Plaintiff and Defendants desire to fully and finally settle the Lawsuit, without admitting liability and prior to incurring additional expenses for discovery, trial, or dispositive motions;

NOW, THEREFORE, for and in consideration of the mutual covenants and agreements of the parties hereto, and other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, Plaintiff and Defendants agree as follows:

1. *No Admission of Liability.* Nothing in this Agreement shall be construed as an admission of any liability. Regarding the claims asserted by the Plaintiff the Lawsuit, the Plaintiff and Defendants hereby agree and stipulate that:

   (a) There is a *bona fide* dispute between Plaintiff and Defendants;

(b) Plaintiff has at all times material been represented and advised by legal counsel experienced in prosecution and defense of FLSA claims and litigation;

(c) Plaintiff has entered into this Agreement knowingly, voluntarily, with disclosure of relevant facts, and after good faith and arms-length negotiations; and

(d) Plaintiff's acceptance of the consideration promised herein means that Plaintiff has given up the right to bring suit for damages, fees, or court costs under Section 16(b) of the FLSA, and that Plaintiff acknowledges receipt of all amounts allegedly due and owing to all hours worked.

2. *Consideration.* Defendants agree that, within thirty (30) days after the Effective Date of this Agreement, which shall be the date of this Agreement is approved by the Court, Defendants will pay Plaintiff and his counsel the gross amount of two-thousand, four-hundred and seventy-five dollars ($2,475.00) and within sixty (60) days after the Effective Date, Defendants will pay Plaintiff and his counsel the gross amount of two-thousand dollars ($2,500.00) (collectively "Settlement Payments"). The Settlement Payments are made and accepted in full and final settlement of all of Plaintiff's claims, including, but not limited to, claims for back pay,

front pay, compensatory damages, punitive damages, reinstatement, pre- and post-judgment interest, minimum and overtime wages, liquidated damages, attorney's fees, and expenses and costs. Any apportionment of the Settlement Payments shall be the sole responsibility of Plaintiff and his attorneys. Plaintiff shall be solely responsible for determination, reporting, and payment of any and all taxes of any kind applicable to the Settlement Payments and for the claims of any agency, spouse, medical care provider, attorney, or other third party to this Agreement with respect to any part of the Settlement Payments.

3. *Employment.* Plaintiff waives all rights to be hired, agree never to reapply for employment with Defendants or any affiliated business, and agrees that if he is rehired, this Agreement alone shall constitute cause for immediate discharge. Any reference provided by Defendants with respect to Plaintiff's employment with Defendants will be limited strictly to Plaintiff's respective job titles, rates of pay, and dates of employment.

4. *General Release of Claims.* Plaintiff, for himself and his successors, legal representatives, and assigns, hereby releases, acquits, and forever discharges Defendants, together with all affiliates, parents, predecessors, and/or subsidiary corporations, officers, directors, shareholders, employees, agents, assigns, successors, servants, insurers,

attorneys, and representatives of any kind (collectively the "Releasees"), from any and all claims, liabilities, demands, suits, and causes of action of every nature and kind, whether vested or contingent, known or unknown, in law or in equity, whether or not such claims were or could have been brought or raised in the Lawsuit, including, without limitation, those claims expressly raised in the Lawsuit; those arising out of or relating to the facts, circumstances, or occurrences surrounding the Lawsuit; and those arising out of or relating to the facts, circumstances, or occurrences surrounding Plaintiff's employment by Defendants. Without limiting the generality of the foregoing, Plaintiff specifically waives and releases every known or unknown claim, action, or cause of action accrued to date that the Plaintiff has or may have against the Defendants and/or Releasees, under every federal, state, and local statutory or common law theory under which a suit or action can be brought (excluding only claims accruing after the date Plaintiff executes this Agreement below, claims for the current value of vested employee benefits, and claims for the enforcement of this Agreement).

    5.    *Covenant Not to Disclose.* Plaintiff shall not disclose to third parties the terms of this Agreement by any oral or written statements, except to his immediate family, attorneys, or accountants, or in response to

a subpoena or other legal process. Plaintiff agrees that this Agreement may only be used as evidence in a subsequent proceeding in which any of the parties alleges a breach of this Agreement or if production is required pursuant to valid legal process or court order. In the event that Plaintiff receives a subpoena related to his employment with Defendants, Plaintiff shall promptly notify Defendants' legal counsel, John L. Mays of MAYS & KERR LLC in writing at 235 Peachtree Street NE, Suite 202, Atlanta, Georgia 30303, and assist as necessary to object to or quash any such subpoena.

6. *Covenant Not to Disparage.* Plaintiff shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about Defendants, or otherwise assist, direct, or encourage anyone else in doing so.

7. *Acknowledgments and Affirmations.* Plaintiff acknowledges and affirms that:

    (a) Plaintiff has not filed, or caused to be filed, and is not presently a party to any claim against Defendants, except the Lawsuit;

(b)     Plaintiff has reported for all hours worked as of the date Plaintiff executed this release and has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits to which Plaintiff may be entitled;

(c)     Plaintiff has been granted any leave to which Plaintiff was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws;

(d)     Plaintiff has no known workplace injuries or occupational diseases;

(e)     Plaintiff has not divulged any proprietary or confidential information of Defendants, including information produced to Plaintiff's counsel during confidential settlement negotiations and will continue to maintain the confidentiality of such information; and

(f)     Plaintiff has not been retaliated against for reporting any allegations of wrongdoing by Defendants.

Both parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made,

Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

8.  *Representations.* In entering into this Agreement, the parties represent that, to the extent that they have received legal advice, they have relied upon the legal advice of their own attorney(s) who is or are, as the case may be, the attorney(s) of their choice, and, if applicable, that the terms of this Agreement have been completely read and explained to them by their attorney(s) and that such terms are fully understood and voluntarily accepted by them. Each party represents that this Agreement is the product of an arms-length negotiation, that each party reviewed and contributed to the Agreement, and that the Agreement shall not be interpreted against any supposed drafter.

9.  *Signature.* Each party to this Agreement represents that the signatory acting on its behalf are duly authorized to execute this Agreement, and to enter into the settlement described herein. This Agreement may be signed in counterparts, which shall be taken together so that they may constitute a completely executed Agreement among the parties and any facsimile or scanned signature shall have the same force as original signatures.

10. *Governing Law.* This Agreement shall be interpreted, construed, and enforced under the laws of the State of Georgia.

11. *Merger.* This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants.

12. *Severability.* Should any part, term or provision of this Agreement be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement.

IN WITNESS WHEREOF, the Parties have knowingly and voluntarily executed this Agreement on dates indicated below:

| | |
|---|---|
| Robert Burres | BCB Cafe, LLC |
| Date: | By: |
| | Date: |
| | |
| | Matthew Scott |
| | Date: |

[ Signatures on following pages ]

9

10. *Governing Law.* This Agreement shall be interpreted, construed, and enforced under the laws of the State of Georgia.

11. *Merger.* This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants.

12. *Severability.* Should any part, term or provision of this Agreement be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement.

IN WITNESS WHEREOF, the Parties have knowingly and voluntarily executed this Agreement on dates indicated below:

_____
Robert Burres

Date: 10/15/13

_____
BCB Cafe, LLC

By: _____

Date: _____


_____
Matthew Scott

Date: _____

9

10.  *Governing Law.* This Agreement shall be interpreted, construed, and enforced under the laws of the State of Georgia.

11.  *Merger.* This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants.

12.  *Severability.* Should any part, term or provision of this Agreement be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement.

IN WITNESS WHEREOF, the Parties have knowingly and voluntarily executed this Agreement on dates indicated below:

_____        _____
Robert Burres                         BCB Cafe, LLC

Date: _____       By: _____

                                      Date: _____10/24/13_____

                                      _____
                                      Matthew Scott

                                      Date: _____10/24/13_____

9